IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
LITTLE ROCK DIVISION

**MARISSA EVANS**                                                                                                      **PLAINTIFF**

**VS.**                                            **CASE NO. 3:11 CV 229 BSM**

**CRITTENDEN REGIONAL HOSPITAL, JOHNNIE**
**HOLMES, INDIVIDUALLY AND IN HER OFFICIAL**
**CAPACITY AS SUPERVISOR AND AS AN AGENT**
**ON THE BEHALF OF CRITTENDEN REGIONAL**
**HOSPITAL AND TERRY CHAMBERS, INDIVIDUALLY**
**AN IN HIS OFFICIAL CAPACITY AS HUMAN**
**RESOURCE DIRECTOR AND AS AN AGENT ON**
**THE BEHALF OF CRITTENDEN REGIONAL HOSPITAL**          **DEFENDANTS**

## AGREED PROTECTIVE ORDER

WHEREAS, the Plaintiff has requested that Defendant, Crittenden Regional Hospital, ("CRH") produce certain documents and tangible items ("Requested Documents") that contain CRH'S "Confidential Information" as herein defined;

WHEREAS, CRH objects to producing the Requested Documents because they are alleged to contain information that CRH in good faith believes reflects or concerns private and confidential information concerning its employees;

WHEREAS, the Plaintiff and CRH (collectively referred to as the "Parties") acknowledge that disclosure of such Confidential Information to, or use of such Confidential Information by, any person or entity not a party to the lawsuit, or in any context other than this lawsuit, could cause to the CRH employees;

WHEREAS, the Plaintiff may also object to producing certain documents and tangible items or Requested Documents that are alleged to contain Plaintiff's Confidential Information, and seeks similar protection as sought herein by CRH; and

WHEREAS, recognizing the need to protect the Confidential Information contained in the Requested Documents, the Plaintiff and CRH have agreed that; and

**IT IS THEREFORE ORDERED THAT:**

1. "Confidential Information," as used herein, means any information, in whatever form produced in connection with formal or informal discovery in this litigation that the Parties in good faith believe contains, reflects or concerns, confidential business or personal information or other sensitive or proprietary information which, if disclosed to third parties, would likely cause the party injury, prejudice, harm, damage or disadvantage. Confidential Information includes, but is not limited to, information relating to personnel matters. Confidential

Information may not be used or disseminated except as provided in this Agreed Protective Order. Confidential Information includes all documents or information derived from Confidential Information, including excerpts, copies or summaries of Confidential Information.

2.  The Parties may designate any information, document, testimony or other tangible thing that it furnishes in connection with this litigation as Confidential Information, and therefore subject to the provisions of this Agreed Protective Order, in any reasonable manner. Documents may be designated Confidential Information by affixing the legend "Confidential" to each item or document page. Deposition testimony and/or exhibits may be designated Confidential Information either by: (a) stating on the record of the deposition that such deposition, or portion thereof; or exhibit is confidential; or (b) stating in writing served upon counsel of record up to twenty (20) days after receipt of the deposition transcript that such deposition, or portion thereof, or exhibit is confidential.

3.  Materials designated as Confidential may only be copied, disclosed, discussed, or inspected, in whole or in part, only for the purposes of this litigation and only by the following persons:

   (a) the parties in this lawsuit, or their employees involved in the management of this litigation;
   (b) counsel of record who represent the parties in this litigation, in-house counsel and the personnel who are directly employed or contracted by those attorneys' firms and who are assisting the attorneys working on this action;
   (c) any person who is expected to testify as a witness either at a deposition or court proceeding in this action for the purpose of assisting in his/her preparation therefore, and any other person to whom the dissemination of the document is deemed necessary by any party in preparation for trial;
   (d) independent expert witnesses or consultants, including trial or jury consultants, retained by the parties in this lawsuit (i.e., not employed by or similarly affiliated with a party or an affiliated company of a party);
   (e) the Court and its officers, including stenographic reporters engaged in such proceedings as are necessarily incidental to the preparation or trial of this lawsuit; and
   (f) any mediator or arbitrator selected with the consent of all parties or by the Court.

4.  Confidential Information shall not be disclosed to any of the persons referred to in paragraph 3(c) and (d) until such persons have been provided with a copy of this Agreed Protective Order and have agreed in writing to be bound thereto by execution of the Confidentiality Agreement attached hereto as Exhibit A. All parties shall retain any such agreements and make them available to counsel for other parties upon request, provided that the identities of consultants, including trial or jury consultants, who have not been identified as testifying experts need not be disclosed.

5.  A party that intends to file with the Court pleadings or other papers containing or referring to Confidential Information shall take all reasonable steps to have such matter filed

under seal. Before any document marked as "Confidential" may be subject to a Motion seeking to file that document under seal with the Clerk, the filing party shall first consult with the party that originally designated the document as Confidential to determine whether, with the consent of that party, the document or a redacted version of the document may be filed with the Court not under seal.

Where agreement is not possible or adequate, before a pleading, motion, memorandum, or other document that contains, incorporates, quotes from, annexes, or summarizes any document designated as containing or constituting Confidential Information may be filed with the Court under seal, the party seeking to submit such material shall move the Court to issue an order placing the materials under seal.

The Parties shall take such steps as are reasonably necessary to ensure that the papers or relevant portions, as the Court may order, shall be filed in sealed envelopes or other appropriate sealed enclosures on which shall be endorsed the title to the action, the words "Confidential."

6.   Subject to rules of evidence, Confidential Information may be offered in evidence at trial or any court hearing.

7.   The terms of this Agreed Protective Order are subject to modification, extension or limitation as may be hereinafter agreed to by the parties in writing or as ordered by the Court. Any modifications, extensions or limitations agreed to in writing by the parties shall be deemed effective pending approval by the Court.

8.   With respect to any Confidential Information covered by this Agreed Protective Order, the requesting party may at any time serve upon counsel for any Party asserting that a document is confidential a written notice of objection to the materials designated as "Confidential." The designating party shall, within seven (7) business days of receipt of such notice, review the designated material sought to be reclassified, and notify the requesting party in writing whether or not it will agree to the reclassification requested and, if not, whether it will agree to reclassify a redacted copy. If no agreement can be reached, the requesting party may apply to the Court for an order that the information or documents so designated are not entitled to such status and protection. The designating party shall be given notice of the application and an opportunity to respond. In the event of such application, to maintain the status of the information or documents as Confidential Information under this Agreed Protective Order, the proponent of confidentiality must show there is good cause for the information or documents to have such designated protection.

9.   Confidential Information shall be used solely and exclusively for the purpose of this specific litigation and for no other purpose, including, without limitation, any business, competitive or educational purpose; such information shall not be disclosed or disseminated to any person, organization, business, governmental body or administrative agency unless ordered by the Court.

10.  In the event that Confidential Information is inadvertently produced without designating such documents or information "Confidential" within the time periods established in this Agreed Protective Order, the designating party shall properly designate such documents or information as

3

"Confidential" and the requesting party shall be bound by such designations pursuant to the terms of this Agreed Protective Order, but shall not be deemed to be in breach of this Protective Order by reason of any use or disclosure of such Confidential Information that occurred prior to notification of the correct designation. Inadvertent production of such documents or information in this case without designation as "Confidential" shall not be deemed a waiver, in whole or in part, of the designating's claim to confidentiality of such documents or information, either as to the specific information disclosed or as to any other information relating to the subject matter of the information disclosed.

11.   Upon termination of this action, unless otherwise ordered by the Court, the Parties shall within thirty (30) days return all materials marked "Confidential" as well as all summaries, excerpts or copies of such materials to the party that produced such documents.

12.   If any party receives a subpoena from a nonparty to this Agreed Protective Order seeking production or other disclosure of Confidential Information, the party shall refuse to produce any Confidential Information under the authority of this Agreed Protective Order and shall immediately give written notice to counsel for the producing party, identifying the Confidential Information sought and enclosing a copy of the subpoena.

13.   The Parties stipulate that this Court shall retain jurisdiction over them and any person to whom Confidential Information is disclosed to the extent necessary to enforce the terms of this Agreed Protective Order.

14.   This Agreed Protective Order contains the entire agreement between the Parties concerning the subject matter hereof, and no modifications of this Agreed Protective Order or waiver of its provisions will be binding upon the parties, unless made in writing by the Parties.

This 29th day of May, 2012.

_____
UNITED STATES DISTRICT JUDGE

05/16/2012  11:12   8707356790                                                    PAGE  13/14

WE AGREE AND CONSENT:

_____

*Attorney for Defendant Crittenden Regional Hospital*

Gerald A. Coleman, Esq.
Durrett & Coleman
P.O. Box 1667
West Memphis, AR 72303

DATED: 5/16/12


_____

*Attorney for Plaintiff Marissa Evans*

Alvin L. Simes
Attorney at Law
P.O. Box 1248
Forrest City, AR 72336-1248

DATED: 5/16/12

2012-05-16 04:25 SIMES  8706361176 >>  8707356790                             p 8/8

EXHIBIT "A"

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF ARKANSAS
# LITTLE ROCK DIVISION

MARISSA EVANS                                                                               PLAINTIFF

VS.                                        CASE NO. 3:11 CV 229 BSM

CRITTENDEN REGIONAL HOSPITAL, JOHNNIE
HOLMES, INDIVIDUALLY AND IN HER OFFICIAL
CAPACITY AS SUPERVISOR AND AS AN AGENT
ON THE BEHALF OF CRITTENDEN REGIONAL
HOSPITAL AND TERRY CHAMBERS, INDIVIDUALLY
AN IN HIS OFFICIAL CAPACITY AS HUMAN
RESOURCE DIRECTOR AND AS AN AGENT ON
THE BEHALF OF CRITTENDEN REGIONAL HOSPITAL          DEFENDANTS

## CONFIDENTIAL AGREEMENT

I have read the Agreed Protective Order ("Agreed Protective Order") concerning the confidentiality of information in the above-captioned litigation. I understand that the Agreed Protective Order is a Court Order designed to preserve the confidentiality of certain designated documents and information contained therein. I also understand that the Agreed Protective Order restricts the use, disclosure and retention of such designated documents and information contained therein, and it also requires the safeguarding and destruction of the designated documents and other materials containing confidential information.

I agree to comply with all provisions of the Agreed Protective Order. I also hereby submit myself to the jurisdiction of the Court for the purpose of enforcement of any provision of the Agreed Protective Order.

Dated: May 16, 2012

[Signature] _____
[Name] _____
[Address] P.O. Box 1348
Forrest City, AR 72335

6