Final

3:11Cv00229-BSM

COURT'S INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect.   I will now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now.  You must not single out some instructions and ignore others, because all are important.  This is true even though some of those I gave you at the beginning of or during trial are not repeated here.

The instructions I am about to give you now as well as those I gave you earlier are in writing and will be available to you in the jury room.  I emphasize, however, that this does not mean they are more important than my earlier instructions.  Again, all instructions, whenever given and whether in writing or not, must be followed.

**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 1 1 2012

JAMES W. McCORMACK, CLERK
By:_____
                                    DEP CLERK

COURT'S INSTRUCTION NO. 2

(a)     The faithful performance of your duties as jurors is essential to the administration of justice.

(b)     It is my duty as judge to inform you of the law applicable to this case by instructions, and it is your duty to accept and follow them as a whole, not singling out one instruction to the exclusion of others. You should not consider any rule of law with which you may be familiar unless it is included in my instructions.

(c)     It is your duty to determine the facts from the evidence produced in this trial. You are to apply the law as contained in these instructions to the facts and render your verdict upon the evidence and law. You should not permit sympathy, prejudice, or like or dislike of any party to this action or of any attorney to influence your findings in this case.

(d)     In deciding the issues you should consider the testimony of the witnesses and the exhibits received in evidence. The introduction of evidence in court is governed by law. You should accept without question my rulings as to the admissibility or rejection of evidence, drawing no inferences that by these rulings I have in any manner indicated my views on the merits of the case.

(e)     Opening statements, remarks during the trial, and closing arguments of the attorneys are not evidence but are made only to help you in understanding the

evidence and applicable law. Any argument, statements, or remarks of attorneys having no basis in the evidence should be disregarded by you.

(f)     I have not intended by anything I have said or done, or by any questions that I may have asked, to intimate or suggest what you should find to be the facts, or that I believe or disbelieve any witness who testified. If anything that I have done or said has seemed to so indicate, you will disregard it.

## COURT'S INSTRUCTION NO. 3

In considering the evidence you are not required to set aside your common knowledge, but you have a right to consider all the evidence in the light of your own observations and experiences in the affairs of life.

COURT'S INSTRUCTION NO. 4

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony of any witness to believe, consider the witness's intelligence; the opportunity the witness had to have seen or heard the things testified about; the witness's memory, knowledge, education, and experience; any motives that witness may have for testifying a certain way; the manner of the witness while testifying; whether that witness said something different at an earlier time; the general reasonableness of the testimony; and the extent to which the testimony is consistent with other evidence that you believe.

## COURT'S INSTRUCTION NO. 5

A fact in dispute may be proved by circumstantial evidence as well as by direct evidence. A fact is established by direct evidence when, for example, it is proved by witnesses who testify to what they saw, heard, or experienced. A fact is established by circumstantial evidence when its existence can reasonably be inferred from other facts proved in the case.

COURT'S INSTRUCTION NO. 6

A party who has the burden of proof on a proposition must establish it by a preponderance of the evidence, unless the proposition is so established by other proof in the case.

"Preponderance of the evidence" means the greater weight of evidence. A fact has been proved by the greater weight of the evidence if you find that it is more likely true than not true. You decide that by considering all of the evidence and deciding what evidence is more believable.

The greater weight of the evidence is not necessarily established by the greater number of witnesses testifying to any fact or state of facts. It is the evidence which, when weighed with that opposed to it, has more convincing force and is more probably true and accurate. In determining whether any fact in issue has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If, upon any issue, the evidence appears to be equally balanced, or if you cannot say upon which side it weighs heavier, you must resolve that question against the party who has the burden of proving it.

Finally, you have probably heard the phrase "proof beyond a reasonable

doubt." That is a stricter standard than "more likely true than not true." It applies in criminal cases, but not in this civil case; so put it out of your mind.

COURT'S INSTRUCTION NO. 7

The Family Medical Leave Act entitles eligible employees to take up to twelve workweeks of unpaid leave because of a serious health condition that makes the employee unable to perform the functions of his or her position and because of the birth of a son or daughter and to care for the newborn child.

In order to be entitled to leave under the FMLA, the employee must give timely notice of the need for leave and provide the employer sufficient information that leave is for a qualifying reason under the FMLA. If the leave is foreseeable, the employee must provide at least thirty days advance notice before the leave is to begin. If the leave is unforeseeable then the employee is to provide notice to the employer as soon as practicable under the facts and circumstances of the particular case. As soon as practicable means as soon as possible and practical, taking into account the circumstances of the individual case, which in most cases would be that same day or the next business day. Further, an employer may require that the employee comply with the employer's notice requirements absent unusual circumstances.

Additionally the, employee must provide sufficient information about the reason for leave for the employer to reasonably determine the FMLA may apply to the leave request. The employer's duties arise when the employee provides enough information to put the employer on notice that the employee may be in need of FMLA

9

leave. Thus, employees have an affirmative duty to timely advise the employer of the

need and reason for leave.

## COURT'S INSTRUCTION NO. 8

You may not return a verdict for the plaintiff just because you might disagree

with the defendant's decision or believe it to be harsh or unreasonable.

COURT'S INSTRUCTION NO. 9

Your verdict must be for Evans and against defendant Crittenden Regional Hospital if all of the following elements have been proved:

First, plaintiff was absent from work for 12 weeks or less because of the birth of a son or daughter or because of a serious health condition; and

Second, plaintiff gave the defendant timely notice of her need to be absent from work; and

Third, as soon as practicable, the plaintiff gave the defendant sufficient information so that the defendant knew or should have known the absence was for the birth of her child or for a serious health condition; and

Fourth, the defendant discharged plaintiff and

Fifth, the plaintiff's absence from work was a determining factor in the defendant's decision to discharge the plaintiff.

However, your verdict must be for the defendant if any of the above elements has not been proved.

## COURT'S INSTRUCTION NO. 10

Your verdict must be for the defendant if it has been proved that the plaintiff would not have been employed by the defendant at the time job reinstatement was requested.

COURT'S INSTRUCTION NO. 11

If you find in favor of the plaintiff, then you must award the plaintiff the amount of any wages, salary, employment benefits, and other compensation the plaintiff would have earned in her employment with the defendant from the date she was discharged through the date of your verdict, minus the amount of earnings and benefits from other employment received by the plaintiff during that time.

You are also instructed that the plaintiff has a duty under the law to "mitigate" her damages - that is, to exercise reasonable diligence under the circumstances to minimize her damages. Therefore, if it has been proved that the plaintiff failed to seek out or take advantage of an opportunity that was reasonably available to her, you must reduce her damages by the amount she reasonably could have avoided if she had sought out or taken advantage of such an opportunity.

Remember, throughout your deliberations, you must not engage in any speculation, guess, or conjecture and you must not award damages under this Instruction by way of punishment or through sympathy.

COURT'S INSTRUCTION NO. 12

There are rules you must follow when you go to the jury room to deliberate and return with your verdict.

*First*, you will select a foreperson. That person will preside over your discussions and speak for you here in court.

*Second*, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement, if you can do this without going against what you believe to be the truth, because all jurors have to agree on the verdict.

Each of you must come to your own decision, but only after you have considered all the evidence, discussed the evidence fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your mind if the discussion persuades you that you should. But, do not come to a decision just because other jurors think it is right, or just to reach a verdict. Remember you are not for or against any party. You are judges – judges of the facts. Your only job is to study the evidence and decide what is true.

*Third*, if you need to communicate with me during your deliberations, send me a note signed by one or more of you. Give the note to the court security officer and

I will answer you as soon as I can, either in writing or here in court. While you are deliberating, do not tell anyone - including me - how many jurors are voting for any side.

*Fourth*, your verdict has to be based only on the evidence and on the law that I have given to you in my instructions. Nothing I have said or done was meant to suggest what I think your verdict should be. The verdict is entirely up to you.[1]

*Finally*, the verdict form is your written decision in this case. [The form reads: (read form)]. You will take this form to the jury room, and when you have all agreed on the verdict, your foreperson will fill in the form, sign and date it, and tell the court security officer that you are ready to return to the courtroom.